IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RON HOSSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Docket No. |
| ) | |
| SUMNER COUNTY BOARD OF ) | JUDGE: |
| EDUCATION AND ) | |
| DEL PHILLIPS IN HIS OFFICIAL ) | |
| CAPACITY AS DIRECTOR OF SCHOOLS ) | MAGISTRATE JUDGE: |
| FOR THE SUMNER ) | |
| COUNTY BOARD OF EDUCATION ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff **RON HOSSE**, by and through counsel, and alleges the following in his cause of action against Defendants **SUMNER COUNTY BOARD OF EDUCATION** and **DEL PHILLIPS** in his official capacity as Director of Schools for the Sumner County Board of Education, for violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"):

1. Plaintiff is a citizen and resident of Sumner County, Tennessee.

2. Defendant Sumner County Board of Education is the local education agency for Sumner County, Tennessee authorized pursuant to T.C.A. §49-1-102(c) for the administration of the public school system for Sumner County, Tennessee. Defendant Del Phillips is the Director of Schools for the Sumner County Board of Education authorized pursuant to T.C.A. § 49-1-102(c) for the administration of the public school system for Sumner County, Tennessee. Both Defendants may be served through Defendant Del Phillips in his official capacity as Director of Schools, 695 East Main, Gallatin, Tennessee 37066.

## JURISDICTION

3. This action is brought under the ADEA, 29 U.S.C. §621 *et seq*.

4. This Court has jurisdiction under 28 U.S.C. §1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. §1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this Complaint under 28 U.S.C. §1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. §1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff began his employment with the Defendants in 1986. Through hard work and dedication, Plaintiff was promoted within the school district to Instruction Coordinator for Secondary Education at an annual pay rate of approximately $82,000 per year.

9. Plaintiff was performing the essential functions of his job to meet the expectations of his employer.

10. During the early spring of 2011, Plaintiff was omitted from meetings that he had otherwise attended in prior years.

11. In or about May of 2012, Plaintiff was notified to come and meet with the Assistant Director of Schools for Sumner County. In this meeting he was he was handed two

sheets of paper. One document being a letter from the Director and the other a contract to take a teaching position at Portland East Middle School located in a different city from where he lived and had been working.

12. Plaintiff had not taught in a classroom in over 30 years.

13. Although Plaintiff was certified to teach science, he had never taught science.

14. Plaintiff was asked to accept a significant decrease in pay.

15. Plaintiff was told that the administration was "going in a different direction with the high schools" as the reason for his demotion.

16. Plaintiff is endorsed by the State of Tennessee in school administration which covers positions such as principal and assistant principal. Plaintiff was not offered any of the principal positions for which he was qualified, some of which were open positions at the time of his demotion.

17. These positions would have lessened the financial impact from Plaintiff losing his position as Instructional Coordinator for Secondary Schools.

18. Plaintiff spoke with Defendants' Human Resources Director about other opportunities in the school system and was told that the Assistant Director was on the selection committee and that Plaintiff would not be selected.

19. Plaintiff was simply told to retire and let the Human Resources Director know by the end of June 2012. He had no other option but to take retirement or be unemployed.

20. On June 30, 2012, Plaintiff was forced to retire. Plaintiff was 64 years old at the time of his forced retirement.

21. Within two weeks, Plaintiff was replaced by an employee who was significantly younger than himself.

22. On September 22, 2012, Plaintiff filed his complaint with the Equal Employment Opportunity Commission and received his Right to Sue letter on February 27, 2013.

23. Plaintiff is qualified to perform the essential functions of his job as Instruction Coordinator for Secondary Education.

24. Defendants have intentionally discriminated against the plaintiff because his age.

25. Defendants have intentionally created and caused a hostile work environment for the Plaintiff.

26. Defendants, at all times herein, are employers within the meaning of the ADEA. As such, Defendants are responsible for the aforementioned actions of its employees and to ensure that its employees comply with the requirements of the ADEA.

## CAUSES OF ACTION

### COUNT ONE

### Violations of the Age in Employment Discrimination Act

27. Plaintiff incorporates herein by reference the factual allegations outlined in Paragraphs 1 through 26.

28. Plaintiff filed his charge with the EEOC and received his Right to Sue Letter.

29. Defendants have more than 20 employees.

30. The conduct described herein constitutes unlawful discriminatory practices and retaliation on the part of Defendants in violation of the Age Discrimination in Employment Act.

31. Defendants are a "person" as defined by the Age Discrimination in Employment Act.

32. Defendants did segregate or classify Plaintiff based upon his age in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status

as an employee.

33. Defendants' decision to terminate Plaintiff and treat him less favorably than his younger counterpart resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

34. As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the Defendants and that the Defendants be required to answer within the time prescribed by law.

2. The Plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the Defendants in an amount supported by the proof in this cause.

3. That Plaintiff be awarded punitive damages for the intentional and reckless behavior of the Defendants;

4. That this Court grant a permanent injunction enjoining the Defendants, their officers, agents, successors, assigns and all persons in active consort or participation with them, from engaging in employment practice which discriminates on the basis of age, gender, and/or disability.

5. That this matter be set for a trial by jury.

6. That the Plaintiff be awarded his reasonable fees, costs, fees and expenses incurred herein.

7. For all such other general or specific relief to which the plaintiff may be entitled

as the Court deems and as justice and equity require.

Respectfully submitted,
ANDY L. ALLMAN & ASSOCIATES

_____
Andy L. Allman, BPR No. 17857
R. Patrick Parker, BPR No. 16847
103 BLUEGRASS COMMONS BLVD.
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 824-2674
andylallman@comcast.net
pparker@hardaway.net