UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON HOSSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-00520 |
| | ) Judge Sharp |
| SUMNER COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM

In this Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, case, the Court entered an Order on February 25, 2015 (Docket No. 63) denying Defendant Sumner County Board of Education's Motion for Summary Judgment (Docket No. 31) to the extent it was based on Plaintiff Ron Hosse's alleged failure to exhaust administrative remedies. The Court deferred ruling on the substantive issues raised in the Motion pending a hearing on Plaintiff's Motion to Disqualify Counsel (Docket No. 40).

The Motion to Disqualify was prompted by the submission of an affidavit in support of the Motion for Summary Judgment from Defendant's counsel Arthur E. McClellan. In that affidavit, Mr. McClellan made several factual assertion, including that Plaintiff's failure to follow his "express instructions . . . ultimately cost the Board and the taxpayers of Sumner County, Tennessee, the sum of $1,068,522.22." (Docket No. 26, McClellan Aff. ¶ 6).

On March 11, 2015, the Court held a hearing on Plaintiff's Motion to Disqualify. Based upon that hearing and the record in this case, the Court now rules on that Motion, as well as Defendant's Motion for Summary Judgment.

1

## I. Motion for Summary Judgment

"A plaintiff can prove unlawful age discrimination under the ADEA with either direct or circumstantial evidence." Sloban v. Mahoning Youngstown Comm. Action P'shp, 2015 WL 1020100, at *3 (6th Cir. Mar. 9, 2015). "'The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both.'" Scheick v. Tecumseh Pub. Schs., 766 F.3d 523, 529 (6th Cir. 2014) (quoting Kline v. TVA, 128 F.3d 337, 348-49 (6th Cir. 1997)).

In his response brief, Plaintiff argues that he has produced "direct and circumstantial evidence that the reasons for his termination were age related." (Docket No. 43 at 23). So far as the Court can tell, however, the only reference in the record that even remotely resembles direct evidence of age discrimination is a statement in the Affidavit of Judy Wheeler, the former Sumner County Assistant Director of Schools for Instruction. In her Affidavit, Ms. Wheeler states that, when Dr. Del Phillips, III took over as Director of Schools in June 2011, she began receiving comments from principals and teachers "to the effect of the 'Old Guard' and 'Old Regime' being replaced by the new," and the "more seasoned employees expressed concern for the security of their positions." (Docket No. 43-3, Wheeler Aff. ¶ 8).

Leaving aside potential hearsay problems, the statements in Ms. Wheeler's Affidavit are not direct evidence of age discrimination. "'Direct evidence is evidence that proves the existence of a fact without requiring any inferences.'" Scheick, 766 F.3d at 530 (quoting Rowan v. Lockheed Martin Energy Sys., Inc., 360 F.3d 544, 548 (6th Cir. 2004). For Ms. Wheeler's statements to be direct evidence, the Court would not only have to infer that Dr. Phillips made these statements, but would also have to infer that "Old" was a reference to the age of the Guard and Regime and not as that expression is traditionally understood, and that those statements were the cause of any alleged adverse employment action taken against Plaintiff. Accordingly, the Court turns to the issue of whether there

2

is sufficient indirect evidence to survive summary judgment.

Indirect evidence cases are analyzed under the familiar paradigm set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this burden shifting approach, a plaintiff must first show: "(1) he or she was a member of a protected age class (i.e., at least forty years old); (2) he or she suffered an adverse employment action; (3) he or she was qualified for the job or promotion; and (4) the employer gave the job to a younger employee." Blair v. Henry Filters, Inc., 505 F.3d 517, 529 (6th Cir. 2007). "'Once a plaintiff satisfies his or her prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action.'" Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008) (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998) "'If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's nondiscriminatory explanation is a mere pretext for intentional age discrimination.'" Id.

Defendant argues that Plaintiff's case falters on the fourth element of a *prima facie* case. This is so because he was not replaced by someone who was significantly younger.

The Sixth Circuit has "established a bright-line rule . . . that 'in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant.'" Blizzard v. Marion Tech. Coll., 698 F.3d 275, 286 (6th Cir. 2012) (quoting Grosjean v. First Energy Corp., 349 F.3d 332, 340 (6th Cir. 2003)). The Sixth Circuit has also held that

> A "person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties."

Grosjean, 349 F.3d at 340 (quoting Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir. 1990).

Defendant contends that Plaintiff, who served as Instructional Coordinator for Secondary

Education, was replaced by Adrianne Glee Moore and that there is less than a six year age difference between the two. In support of that contention, Defendant relies on the Affidavit of Timothy Shawn Curtis, Assistant Director for Human Resources, in which he states that Plaintiff was 64 when he voluntarily retired, that Ms. Moore "was transferred from her previous position as Elementary Coordinator of Instruction to Instructional Coordinator for Grades 9-12," and that at the time of the "reassignment/transfer she was 59 years of age." (Docket No. 35 Curtis Aff. ¶¶ 5-6).

It seems most likely that an "Instructional Coordinator for Secondary Education" is the same thing as an "Instructional Coordinator for Grades 9-12." However, in his deposition Plaintiff testified that he was replaced by by two people – Ms. Moore and Todd Stinson.

According to Plaintiff, Mr. Stinson moved from the Williamson County Schools to the Sumner County Schools to take an Instructional Coordinator position after Plaintiff resigned. At the time, Mr. Stinson was in his early forties. If true, this would take the case outside the holding of Grosjean because Plaintiff's duties were not entirely assumed by, or redistributed to, exiting employees, but rather one was hired to assume at least some of Plaintiff's duties. See, Flanner v. Chase Inv. Serv. Corp., 2015 WL 408602, at *4 (5th Cir. Feb. 2, 2015) (italics in original) (district court erred in failing "to consider that [plaintiff] was replaced by *two* employees," one of whom was "substantially younger"); Hu v. UGL Serv. Unicco Op. Co., 2014 WL 50412150, at *4 (S.D.N.Y Oct. 9, 2014) (fact that "Plaintiff was replaced by two employees, one of whom was approximately the same age as Plaintiff" might reduce, but does not eliminate the inference of discrimination). Moreover, the fact that Mr. Stinson was forty or over is not dispositive since the "fourth element is modified [from the traditional Title VII requirements] to require replacement not by a person outside the protected class, but merely replacement by a significantly younger person." Grosjean, 349 F.3d at 335; see, O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996) (italics in original) (under ADEA, "fact that

4

one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out *because of his age*.  Or to put the point more concretely, there can be no greater inference of *age* discrimination (as opposed to "40 or over" discrimination) when a 40-year-old is replaced by a 39-year-old than when a 56-year-old is replaced by a 40-year-old").

 Notwithstanding the fact that Plaintiff's deposition was taken long before the filing of the Motion for Summary Judgment,  Defendant does not challenge Plaintiff's claim that Mr. Stinson also assumed some of Plaintiff's former duties, other than to blanketly assert that Ms. Moore took Plaintiff's position.  Even though Mr. Curtis testified in his deposition that "Todd Stinson was hired as an instructional coordinator" and more specifically as a "focus schools coordinator," (Docket No. 43-5, Curtis Depo. at 45), Defendant has not directed the Court to evidence which identifies the actual duties that Plaintiff, Ms. Moore, and Mr. Stinson performed, even though that is particularly within Defendant's knowledge, and even though Mr. Stinson's job apparently was new.[1]

Given the record, the Court find a genuine issue of material fact exists as to whether Plaintiff was replaced by someone significantly younger.  This conclusion is particularly apropos since "a plaintiff's burden in establishing a *prima facie* case of discrimination is not intended to be onerous." Mayhue v. Cherry Street Serv., Inc., 2015 WL 349026, at *10 (6th Cir. Jan. 27, 2015).

The fourth element of a *prima facie* case aside, Defendant argues that it had legitimate non-discriminatory reasons for its actions which Plaintiff cannot show to be pretextual.  Again, the Court finds a question of fact which makes summary judgment inappropriate.

The decision to transfer Plaintiff from his Instructional Coordinator position to a lesser paying

---

[1] The Court notes that, from its own independent review of the record, Dr. Jennifer Brown, Assistant Director of Schools for Instructions, testified in her deposition as to the duties Plaintiff was supposed to perform as an instructional coordinator.  This does not answer the question, however, of whether some of those duties were thereafter assumed by Mr. Stinson, or whether Ms. Moore performed all of the duties Plaintiff had performed.

middle school teacher position (which Plaintiff claims forced him to resign) was made by Dr. Phillips, or at least his electronic signature appeared on the transfer letter. He testified in his deposition that he relied upon Dr. Brown's recommendation that Plaintiff be placed in the classroom. In her deposition, Dr. Brown testified that the recommendation to transfer Plaintiff was made because he had problems in certain areas, including "[w]orking hours assigned, being present where he said he's being present, [and] performing his role and responsibilities." (Docket No. 43-2, Brown Depo. at 23). When asked if there was "anything else?," Dr. Brown responded, "I think that covers it." (Id.).

Dr. Brown was then asked a lengthy series of questions about Plaintiff's alleged performance issues, but at no point suggested that he failed to follow instructions relating to negotiation of the teacher's contract. Instead, Defendant made this an issue in its summary judgment motion through filing of Mr. McClellan's Affidavit which, in turn, serves as the sole basis for its statement of fact that

> Plaintiff failed to fulfill the duties of his position as Instructional Coordinator for Secondary Education and failed to comply with his contract of employment, in his role as Chief Negotiator for the Defendant with the then-extant teacher's union, by failing to listen to and perform those duties in accordance with strict instructions from the Defendant's counsel on how to conduct those negotiations with the then-extant union, at an ultimate cost to the Defendant and Sumner County in excess of one million dollars ($1,000,000.00).

(Docket No. 33 at 12-13 ¶ 43).

The submission of Mr. McClellan's Affidavit is problematic for Defendant for several reasons. Not only was he not disclosed as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, Mr. McClellan has placed himself in the role of a witness in a case in which he is the only counsel of record. The Affidavit is also problematic because it raises the issue of pretext.

"[A] plaintiff can show pretext in three interrelated ways: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that

6

they were insufficient to motivate the employer's action." Chen v. Dow Chem. Co., 580 F.3d 394, 400 (6th Cir. 2009) (citing Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 460 (6th Cir. 2004)). However, "it is important to avoid formalism in [the] application" of this "three part test" because "[p]retext is a commonsense inquiry: did the employer fire the employee for the stated reason or not?" Id.

"'An employer's changing rationale for making an adverse employment decision can be evidence of pretext.'" Cicero v. Borg–Warner Auto., Inc., 280 F.3d 579, 592 (6th Cir. 2002) (quoting Thurman v. Yellow Freight Sys., 90 F.3d 1160, 1167 (6th Cir. 1996)). "Shifting justifications over time calls the credibility of those justifications into question" and "shows a genuine issue of fact that the defendants' proffered reason was not only false, but that the falsity was a pretext for discrimination." Id.

Here, Dr. Phillips purportedly made the decision to transfer Plaintiff pursuant to Dr. Brown's recommendation. Now, however, Defendant relies on an additional, and very significant reason for the decision to transfer Plaintiff – his alleged insubordination which cost the county more than a million dollars. This enlarged explanation is sufficient in itself to call into question the real reason for Dr. Phillips' decision and, consequently, summary judgment is inappropriate.

The conclusion that summary judgment is inappropriate remains, even though Defendant argues that the Director of Schools had the right under Tenn. Code Ann. 49-5-510, and the governing contract, to transfer Plaintiff. The statute provides:

> The superintendent, when necessary to the efficient operation of the school system, may transfer a teacher from one location to another within the school system, or from one type of work to another for which the teacher is qualified and licensed; provided, that transfers shall be acted upon in accordance with board policy and any locally negotiated agreement.

Tenn. Code. Ann. § 49-5-510. While this statute vests wide discretion in the superintendent, and "courts will generally not interfere in such a management decision so long as the transfer was not

arbitrary and capricious or actuated by political or other improper motives," Marion Cnty. Bd. of Ed. v. Marion County, 86 S.W.3d 202, 208 (Tenn. Ct. App. Aug. 7, 2001) (collecting cases), age discrimination would be such an improper motive. Further, Plaintiff's contract was subject to, among other things, "state and federal laws," (Docket No. 19-3 at 9), which, of course, includes the ADEA.

## II. Motion to Disqualify

"Pursuant to Local Rule 83.01(e)(4), attorneys appearing before courts in this District are held to the standards set forth in the Tennessee Code of Professional Responsibility" ("Rules") or ("TCPR"). Melville Capital, LLC v. Tenn. Commerce Bank, 2011 WL 6888526, at *2 (M.D. Tenn. Dec. 29, 2011). So far as relevant, Rule 3.7 provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) Disqualification of the lawyer would work substantial hardship on the client.

TCPR 3.7(a). The Tennessee Court of Appeals had emphasized that "[t]he rule is clear" and that "a lawyer *shall not* act as an advocate" where he is a necessary witness unless one of the exception applies. Byrd & Assoc., PLC v. Siliski, 2009 WL 2567865, at *9 (Tenn. Ct. App. Aug. 19, 2009) (emphasis in original).

In arguing that disqualification is not appropriate, Defendant relies on Tennessee Bank & Trust v. Lowery, 2012 WL 4849968, at *1 (M.D. Tenn. Oct. 11, 2012) for the proposition that "'[f]or a lawyer to be a necessary witness, his testimony must be relevant, material, and unobtainable elsewhere,'" and that "an attorney is a 'necessary witness'" for purposes of Rule 3.7(a) "only if 'there are things to which he will be the only one available to testify.'" Id. (quoting Rothberg v. Cincinnati

Ins. Co., 2008 WL 2401190, at *2 (E.D. Tenn. June 11, 2008). Because two others were in the room when Mr. McClellan directed his comments and instructions to Plaintiff, Defendant argues that Mr. McClellan is not a necessary witness because those other witness could testify as to what he said.

However, in an Affidavit filed in support of Defendant's response in opposition to the Motion to Disqualify, Mr. McClellan states that he also spent thirty minutes with Plaintiff preparing him for a deposition, and that he may have had another conversation with Plaintiff, but does not now recall the specifics.[2] Given this assertion, the Court cannot conclude that the participants in the room are fungible since Mr. McClellan may well have knowledge that those others do not.

More importantly, Defendant's reliance on Lowery is misplaced. Although the general rule is that a lawyer is not a necessary witness when others can speak to the same issues, Mr. McClellan made himself a witness by taking the affirmative step of filing an Affidavit to help support Defendant's Motion for Summary Judgment. There may have been reasons for his doing so (Defendant claims the other participants were not readily available to supply an affidavit), just as there may have been a reason that Mr. McClellan was not disclosed (Defendant claims inadvertence), but the record is what it is.

Defendant also argues that it would suffer an undo hardship if Mr. McClellan was disqualified. Removal of Mr. McClellan would undoubtedly work some hardship on Defendant, but the Court is not convinced the hardship would be substantial.

In reaching this conclusion, the Court has considered the Affidavits of Dr. Phillips, Mr. McClellan, and Elizabeth R. McClellan, a member of the bar of this Court, Mr. McClellan's daughter,

---

[2] In his affidavit in opposition to the Motion to Disqualify, Mr. McClellan states that Plaintiff understood Mr. McClellan was not representing him, but rather was representing the school board. This suggests that there was no attorney-client relationship between the two, although the Court need not address the issue at this time.

9

and a member of his firm. While Dr. Phillips characterizes this as "complex litigation," the Court views it a more of a garden variety age discrimination case. Further, while Mr. McClellan has pulled the laboring oar through much of the case, a fair reading of his daughter's Affidavit is that she, too, has spent considerable time on the file.

The decision of whether to disqualify counsel is a matter of discretion. Grain v. Trinity Health, 431 F. App'x 434, 447 (6th Cir. 2011); Moses v. Sterling Commerce (Am.), Inc., 122 F. App'x 177, 183 (6th Cir. 2005). Nevertheless, the Court recognizes that such motions "'are viewed with disfavor and disqualification is a drastic measure.'" Bowers v. Ophthalmology Group, 733 F.3d 647, 655 (6th Cir. 2013) (quoting Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp., 237 B.R. 322, 337 (6th Cir. BAP 1999)).

The Court is hesitant to disqualify counsel and thereby penalize Defendant based upon the submission of an Affidavit which raises a ground that was not initially given as one of the stated reasons for the proposed transfer of Plaintiff. Therefore, instead of disqualifying counsel at this time, the Court will give Defendant an option: either waive reliance on Plaintiff's alleged failure to follow Mr. McClellan's instructions relating to negotiation over the collective bargaining agreement, or continue that defense with new counsel.

## IV. Conclusion

On the basis of the foregoing, Plaintiff's Motion to Disqualify will be conditionally denied. Defendant's Motion for Summary Judgment will be denied and, with that ruling, its Motion to Strike Plaintiff's Statement of Additional Material Facts will be denied as moot.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE