UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON HOSSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:13 C 520 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| SUMNER COUNTY BOARD OF ) | |
| EDUCATION AND ) | |
| DEL PHILLIPS IN HIS OFFICIAL ) | |
| CAPACITY AS DIRECTOR OF ) | |
| SCHOOLS FOR THE SUMNER ) | |
| COUNTY BOARD OF EDUCATION, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

  Plaintiff Ron Hosse ("Hosse") alleges that his former employer, Defendant Sumner County Board of Education ("the Board"), discriminated against him on account of his age when he was constructively discharged on June 28, 2012, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. A jury trial is scheduled to begin on September 12, 2016. Presently before us are five motions in limine filed by Defendant in preparation for trial.

  As set forth below, we grant Defendant's motion concerning evidence of emotional damages (*See* Dkt. No. 83), Defendant's motion to exclude lay witness opinion testimony of Plaintiff's witness Judy Wheeler (*See* Dkt. No. 84), and Defendant's motion to exclude other incidents of alleged discrimination against the Board (*See* Dkt. No. 85). We deny Defendant's motion to exclude reference to Plaintiff's role as the Board's Chief Contract Negotiator (*See*

1

Dkt. No. 86), and Defendant's motions to exclude evidence of "stray remarks" offered by Ms. Wheeler or any other witness pending trial (*See* Dkt. Nos. 84, 87).

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see United States v. Huff*, 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *United States v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

We first shall briefly address two unopposed motions and then will consider the disputed motions in greater detail.

Defendant filed five motions in limine seeking to preclude Plaintiff from: (1) offering evidence regarding emotional damages; (2) offering lay witness opinion testimony and hearsay testimony from witness Wheeler; (3) introducing evidence of other incidents of alleged discrimination against the Board; (4) offering testimony concerning Plaintiff's role as the Board's Chief Contract Negotiator; and (5) introducing testimony of "stray remarks." (*See* Dkt. Nos. 83–87.) Plaintiff does not object to Defendant's motion to preclude evidence of emotional damages, (*See* Dkt. No. 98), or Defendant's motion to exclude past allegations of discrimination against the Board, (*See* Dkt. No. 100), and those motions are hereby granted. Plaintiff shall not offer any evidence concerning emotional damages or past allegations of discrimination against the Board. *See Hill v. Spiegel, Inc.*, 708 F.2d 233, 235 (6th Cir. 1983) ("[D]amages for pain and suffering are not recoverable in ADEA actions."); Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.")

## I. Defendant's Motion Concerning Lay Witness Opinion Testimony and Alleged Hearsay Testimony of Ms. Wheeler

In its second motion in limine, Defendant seeks to preclude Plaintiff's witness Wheeler from providing lay witness opinion testimony and alleged hearsay testimony. (*See* Dkt. No. 88.) Plaintiff opposes the motion. (*See* Dkt. No. 99.) We discuss the admissibility of Ms. Wheeler's opinion testimony and the alleged hearsay testimony separately.

   A. *Ms. Wheeler's Opinion Testimony*

In her affidavit, Ms. Wheeler opines that Defendant's decision to transfer Plaintiff was "illogical." (*See* Wheeler Aff. ¶ 11, Dkt. No. 43–2.) She further states that Plaintiff's transfer

was "not in good faith," and "appears to be an attempt to force either a resignation from his position, or a retirement from the school system, or both." (*Id*.) Defendant argues that this testimony should be excluded as an improper lay opinion under Fed. R. Evid. 701. (*See* Dkt. No. 88 at 2.) Plaintiff contends that Wheeler's statements are proper lay testimony based on her personal knowledge and experience.[1] (*See* Dkt. No. 99.)

Federal Rule of Evidence 701 limits opinion testimony from a lay witness to "opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. In applying Rule 701, courts in this Circuit have excluded lay witness testimony concerning a defendant's motivation for an adverse employment action. *Giles v. Norman Noble, Inc.*, 88 Fed. Appx. 890, 895 (6th Cir. 2004) (subjective beliefs of co-workers regarding the treatment plaintiff received by defendant were inadmissible to prove race discrimination); *Crane v. Monterey Mushroom, Inc.*, 910 F. Supp. 2d 1032, 1041–42 (E.D. Tenn. 2012) (lay witness precluded from testifying as to why defendant acted as he did; there was no evidence that this opinion was "rationally based on [lay witness'] perception"); *Reynolds v. Family Dollar Servs.*, No. 09–56–DLB, 2011 WL 618966, at *3 (E.D. Ky. Feb. 10, 2011) ("[I]t is simply improper for [p]laintiff to offer a [lay] witness [] to testify to his general opinion—based purely on subjective and speculative impressions—concerning [d]efendant's motivation for not promoting and subsequently terminating [p]laintiff. . . . [Lay witness] played no meaningful role in [firing] decisions, and therefore, possesses no personal knowledge or perception as to the underlying motivation for [d]efendant's

---

[1] Plaintiff does not offer Wheeler as an expert witness so our analysis is restricted to admissibility under Rule 701.

4

promotion and termination decisions."); *Mitchell v. Metro. Gov't of Nashville and Davidson, Cty., Tenn.*, No. 10 C 0457, 2011 WL 1748582, at *5 (M.D. Tenn. May 6, 2011) (excluding lay witness testimony under Rule 701 where witnesses stated that defendant fired plaintiff because he was old).

Here, Ms. Wheeler, retired Assistant Director of Schools for Instruction, speculates as to Defendant's motivations for transferring Plaintiff. (*See* Wheeler Aff., Dkt. No. 43–3.) As she states in her affidavit, Ms. Wheeler retired prior to Plaintiff's transfer and played no role in his transfer. (*Id.* ¶ 4.) Because of this, Ms. Wheeler "possesses no personal knowledge or perception as to the underlying motivation for Defendant's promotion and termination decisions," *Reynolds,* 2011 WL 618966, at *3; her opinions are inadmissible under Rule 701. *Giles,* 88 Fed. Appx. at 895; *Crane,* 910 F. Supp. 2d at 1041–42; *Reynolds,* 2011 WL 618966, at *3; *Mitchell,* 2011 WL 1748582, at *5. (*See* Dkt. No. 88.)

   B. *Alleged Hearsay Statements Offered by Ms. Wheeler*

Defendant also seeks to exclude alleged hearsay remarks offered by Ms. Wheeler in her affidavit. (*See* Dkt. No. 84.) Specifically, Defendant seeks to preclude Ms. Wheeler from testifying to comments made by "unidentified individuals" about an "'Old Guard' and 'Old Regime' being replaced by the new" and that "[t]he more seasoned employees expressed concern for the security of their positions." (*Id.* (citing Wheeler Aff. ¶ 11).) In his response, Plaintiff argues that these statements are not being offered for the truth of the matter but to "help establish the existence of a discriminatory atmosphere" and are not hearsay. (*See* Dkt. No. 99 at 2.)

Generally, Federal Rule of Evidence 802 prohibits the admission of hearsay evidence. Fed. R. Evid. 802. Hearsay is defined as an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Accordingly, statements that are not offered for their truth

fall outside the definition of hearsay. *Jacklyn v. Schering-Plough Healthcare Prod. Sales Corp.*, 167 F.3d 921, 927 (6th Cir. 1999); *Bush v. Dictaphone Corp.*, 162 F.3d 363, 367 (6th Cir. 1998) (statements by plaintiff's coworkers were not being offered for the truth but "for the limited purpose of considering the grounds upon which [corporate decision makers] based their decisions with regard to the employment status of the plaintiff").

Here, Plaintiff contends that the statements offered by Wheeler are not being offered for the truth, that is, to prove that an "Old Guard and Old Regime was being replaced by the new" or that seasoned employees actually feared for their jobs, but instead, as circumstantial evidence establishing the existence of a discriminatory atmosphere. (*See* Dkt. No. 99 at 2.) In short, Plaintiff intends to offer these statements to show that other employees *believed* that the "Old Regime was being replaced by the new" and that older employees voiced concerns about their job security. While we do not address the probative value of these statements at this time, or any foundation concerns, we find that these statements are being offered for a non-hearsay purpose and will not be excluded at this time.[2]

Accordingly, Defendant's second motion in limine is granted concerning Ms. Wheeler's lay opinion testimony but is denied as to Ms. Wheeler's statements concerning the mindsets of other employees. (*See* Dkt. No. 84.)

## II. Defendant's Motion to Exclude Any Evidence of "Stray Remarks"

Along with seeking to preclude Ms. Wheeler from offering "stray remarks" on hearsay grounds, Defendant more generally asks us to exclude any testimony or evidence relating to

---

[2] Even if these statements are offered for their truth and are hearsay, they likely fall under Rule 803(3), then-existing mental condition, and are excluded from the hearsay rule. Fed. R. Evid. 803(3) (a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" is excluded from the hearsay rule). *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1249 (6th Cir. 1995).

these "stray remarks." (*See* Dkt. No. 87.) Defendant argues that these statements are not relevant and should be excluded under Federal Rules of Evidence 402 and 403. Specifically, Defendant alleges that because these statements were not made by individuals responsible for Plaintiff's transfer, the comments will "offer no assistance to the jury in evaluating the intentions of the Board decision-makers." (*Id.* at 3.) Finally, Defendant argues that because the statements are not relevant, they will unfairly prejudice the jury. (*Id*. at 4.) Plaintiff opposes the motion and responds that the statements in questions are relevant as indirect evidence of discrimination and as evidence to rebut Defendant's proffered non-discriminatory reason for transfer. (*See* Dkt. No. 102.)

In its motion, Defendant cites a variety of cases in support of the proposition that discriminatory remarks by non-decision makers are irrelevant and prejudicial and must be excluded. (*See* Dkt. No. 90.) In these cases, plaintiffs attempt to introduce discriminatory statements of non-decision makers to prove defendant's discriminatory intent. *See Smith v. Leggett Wire Co*., 220 F.3d 752, 760 (6th Cir. 2000); *Ercegovich v. Goodyear Tire & Rubber Co*., 154 F.3d 344, 354 (6th Cir. 1998); *McDonald v. Union Camp Corp*., 898 F.2d 1155, 1161–62 (6th Cir. 1990); *Schrand v. Fed. Pac. Elec. Co*., 851 F.2d 152, 155–56 (6th Cir. 1988). In Defendant's motion, Defendant seeks to exclude "me-too evidence"; statements by other Sumner County employees who allegedly feared age-based discriminatory discharge. (*See* Dkt. No. 90.) The relevant inquiry, then, is not whether discriminatory statements by non-decision makers are admissible, but whether other employees' perceptions of workplace discrimination are admissible.[3]

---

[3] We find it relevant to note that Plaintiff did not object to Defendant's third motion in limine concerning evidence of other allegations of discrimination against Defendant.
(*See* Dkt. No. 100.) To the extent that Plaintiff intends to introduce evidence of past allegations of discrimination, that testimony will be barred. However, based on our reading of Defendant's

7

"Me-too" evidence in an employment discrimination case is neither per se admissible nor per se inadmissible but instead requires a case by case analysis under Federal Rules of Evidence 401 and 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 1147 (2008); *Megivern v. Glacier Hills Inc.*, 519 Fed. Appx. 385, 399 (Table) (6th Cir. 2013); *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012). Because the admissibility of "me-too" evidence mandates a fact-intensive analysis, we find that a ruling at this time is improper. Defendant's motion to exclude any "stray remarks" is denied pending trial. (*See* Dkt. No. 90.)

## III. Defendant's Motion Concerning Plaintiff's Role as the Board's Chief Contract Negotiator

Finally, Defendant seeks to exclude any mention of Plaintiff's role as the Board's Chief Contract Negotiator. (*See* Dkt. No. 86.) Defendant argues that because the Board based its decision to transfer Plaintiff on Plaintiff's work performance, not his role as the Chief Negotiator, any reference to Plaintiff's involvement with contract negotiations is irrelevant and prejudicial. (*Id.*) Plaintiff opposes the motion and argues that Plaintiff's role as Chief Negotiator is relevant to show that Defendant's proffered reason for termination is pretextual. (*See* Dkt. No. 101.)

As addressed in Judge Sharp's Summary Judgment Memorandum, "[A] plaintiff can show pretext in three interrelated ways: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Chen v. Dow Chem. Co*., 580 F.3d 394, 500 (6th Cir. 2009) (internal citation omitted). (*See* Dkt. No. 66 at 6–7.) Additionally, "[a]n

---

motion and Plaintiff's response, this motion seeks to preclude testimony concerning fears of future discrimination and does not fall under our previous ruling.

employer's changing rationale for making an adverse employment decision can be evidence of pretext." *Cicero v. Borg-Warner Auto., Inc*., 280 F.3d 579, 592 (6th Cir. 2002) (internal citation omitted). (*See* Dkt. No. 66 at 7.) Judge Sharp concluded that because Defendant relied at one time on Plaintiff's "alleged insubordination" as Chief Negotiator to justify his termination, Defendant's "shifting justification" for termination created a genuine issue of material fact preluding summary judgment. *Cicero,* 280 F.3d at 592. (Dkt. No. 66 at 7.) We agree with Judge Sharp's analysis and find that evidence of Plaintiff's role as Chief Negotiator is relevant during the trial phase to rebut Defendant's legitimate explanation for termination. *Chen*, 580 F.3d at 500. We deny Defendant's motion concerning Plaintiff's role as Chief Negotiator. (*See* Dkt. No. 86.)

## CONCLUSION

For the reasons discussed above, we grant Defendant's motion concerning evidence of emotional damages, (*See* Dkt. No. 83), and Defendant's motion concerning other incidents of discrimination against the Board (*See* Dkt. No. 85). We deny Defendant's motion to exclude testimony concerning Plaintiff's role as Chief Negotiator, (*See* Dkt. No. 86), and Defendant's motion to exclude "stray remarks" concerning other employees' perception of workplace age discrimination (*See* Dkt. No. 87). As to Defendant's second motion, we grant the motion as to Ms. Wheeler's lay opinions but deny the motion as to statements made by other employees to Ms. Wheeler. (*See* Dkt. No. 84). It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 13, 2016
      Chicago, Illinois