# UNITED STATES DISTRCT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RON HOSSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13 C 520 |
| | ) Hon. Marvin E. Aspen |
| SUMNER COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

The jury trial is scheduled to begin in this case on March 27, 2018 at 9:00 a.m. A final pretrial conference is set for 9:00 a.m., with jury selection to follow immediately thereafter. Presently before us are objections to various proposed trial exhibits filed by Plaintiff Ron Hosse and Defendant Sumner County Board of Education, along with their respective responses. (Dkt. Nos. 134–35, 137–38.) Defendant objects to Plaintiff's Proposed Exhibit Nos. 1–4, 7–8, 12, 15–16, 18, 23, 25, and 35. (Dkt. No. 134.) Plaintiff objects to Defendant's Proposed Exhibit No. 13. (Dkt. No. 135.) In order to "narrow the issues remaining for trial and to minimize disruptions at trial," we rule on each objection in turn below. *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). As our pretrial rulings are subject to change as trial unfolds, these rulings constitute a preliminary determination in preparation for trial. *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463 (1984); *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). However, this ruling *does not* mean

that these rulings may be reargued at trial absent compelling new facts or issues not previously presented by the parties and addressed in this opinion.

## I. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

### A. Plaintiff's Exhibit No. 1

Defendant objects to Plaintiff's Proposed Exhibit No. 1, Plaintiff's initial employment letter dated September 2, 1986, on relevancy grounds. Defendant argues the parties have already stipulated that Plaintiff was originally hired by Defendant in 1986, and the letter is otherwise irrelevant to the issues in the case. In response, Plaintiff argues the letter is relevant for purposes of showing Plaintiff was hired as Vocational Coordinator. However, the parties stipulated that Plaintiff "was originally hired by the Defendant, Sumner County Board of Education on August 20, 1986 as Vocational Coordinator." (Dkt. No. 106 ¶ 1.) As there is no dispute as to the date Plaintiff was first hired or the position he held, even if Plaintiff's proposed exhibit were relevant, it is cumulative. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Therefore, Defendant's objection is sustained.

### B. Plaintiff's Exhibit Nos. 2–4

Defendant objects to Plaintiff's Proposed Exhibit Nos. 2–4, employment contracts the parties executed on August 23, 1986, on May 13, 1988, and on June 15, 2004, respectively. Plaintiff contends the contracts are relevant as they "specif[y] some of the duties and obligations Plaintiff bore during his long tenure with Defendant." (Pl.'s Resp. (Dkt. No. 138) at 1.) Plaintiff also argues the contracts "identif[y]the parameters in which Defendant should address the

situation in the event Plaintiff's position was ever 'abolished,'" and thus any deviation from the parameters would suggest pretext. (*Id.* at 1–2.)

Specifically, Plaintiff refers to the provision in the contracts stating "should school attendance decrease to the extent that a teaching position is to be abolished because it cannot be justified under the Rules and Regulations of the State Board of Education, this contract will be adjusted under the terms of the negotiated contract." (*See, e.g.*, Dkt. No. 19–3.) The contracts also provide that Plaintiff must "deliver[] to the superintendent the correct reports which may be at that time due" before being "entitled to demand a warrant for the payment of my salary." (*Id.*) Plaintiff also agreed he was "obligated to carry out my duties" for a set number of days each year. (*Id.*)

The employment contracts do not appear to specify any duties or obligations relevant to the issues in this case, and from a careful review of the documents, we fail to see how they support a finding of pretext. Plaintiff has offered no plausible argument indicating how his intended use of the evidence will bear on any material issues or make any facts of consequence more or less probable. *See* Fed. R. Evid. 401 (defining relevant evidence as "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Accordingly, Defendant's objections are sustained.

C. **Plaintiff's Exhibit No. 7**

Plaintiff's Proposed Exhibit No. 7 is a letter dated June 23, 2011 from Plaintiff to Del Phillips, Director of Schools, indicating Plaintiff's desire to apply for a position as Chief Administrative Officer of Sumner County School District. Defendant argues the letter is irrelevant to the issue of why Plaintiff was reassigned to a new position in 2012. In response,

Plaintiff argues the letter is relevant as it shows Plaintiff attempted to seek a position working for Phillips. Plaintiff has not explained how his attempt to work for Phillips in 2011 is relevant. Based on the current record, we find Plaintiff's letter, which predated his subsequent reassignment, is irrelevant to the issues in the case. Accordingly, Defendant's objection is sustained.

### D. Plaintiff's Exhibit No. 8

Defendant also argues Plaintiff's Proposed Exhibit No. 8, a copy of Plaintiff's resume, is inadmissible hearsay. Defendant contends Plaintiff can testify at trial as to his experience and training and should not be allowed to introduce a hearsay document that he created. Plaintiff argues in response that the resume falls under the recorded recollection exception to the rule against hearsay. Plaintiff argues his resume details his "extensive employment and educational history, occupational responsibilities, and dates of each respectively," which Plaintiff "may not be able to recall . . . sufficient enough to testify and be cross-examined without extensive research." (Pl.'s Resp. at 2.) Plaintiff asserts the resume was made when the information was fresh in his mind and it is an accurate portrayal of his belief and knowledge. (*Id.*)

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless an enumerated exception to the rule applies. Rule 803(5) provides an exception to the rule against hearsay for a record that "(A) is on a matter the witness once knew about but cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory, and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5). Even if admitted under Rule 803(5), the record

4

may only be read into evidence and not received into evidence unless offered by an adverse party. *Id.*

Plaintiff has not shown that the resume was made or adopted when the matters were fresh in his memory. Fed. R. Evid. 803(5)(B). Although Plaintiff has not laid a foundation for the document, it appears to have been prepared in 2011, and describes his experience dating back to at least 1972. While the resume may have been prepared somewhat closer in time to the several decades of experience it records, it appears no more reliable or "fresh" in Plaintiff's memory than Plaintiff's testimony at trial would be. *See United States v. Smith*, 197 F.3d 225, 231 (6th Cir. 1999) (explaining that while "contemporaneousness is not required in determining whether an event was sufficiently fresh" to satisfy the rule, the court has significant discretion in determining admissibility "as the circumstances of the particular case might indicate"); *see also Jackson v. Wells Fargo Bank, N.A.*, 693 F. App'x 634, 635 (9th Cir. 2017) (finding the recorded recollection hearsay exception "is not often invoked where . . . the witness is a party to the action, if only because parties are peculiarly unlikely to lack recollection of the underlying events"). Moreover, courts have regularly excluded resumes or curriculum vitae as inadmissible hearsay. *See, e,g.*, *Sheffield v. State Farm Fire & Cas. Co.*, No. 5:14 C 38, 2016 WL 3548550, at *8 (S.D. Ga. June 23, 2016); *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011); *Sutfin v. City of Bono, Ark.*, No. 3:07 C 124, 2009 WL 1955438, at *1 (E.D. Ark. July 6, 2009); *Alexie v. United States*, No. 3:05 C 2997, 2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009); *c.f. McBride v. Kmart Corp.*, No. 14 C 41, 2015 WL 13545913, at *3 (D. Wyo. Jan. 14, 2015) (observing that although curricula vitae are routinely admitted into evidence, an objection that they constitute hearsay "is well-taken").

Plaintiff can testify to all of the relevant experiences listed on his resume from personal knowledge. To the extent he cannot recall exact dates or details, he may use the resume to refresh his recollection under Rule 612. *See* Fed. R. Evid. 612; *Rush v. Illinois Cent. R. Co.*, 399 F.3d 705, 716 (6th Cir. 2005) ("Rule 612 of the Federal Rules of Evidence authorizes a party to refresh a witness's memory with a writing so long as the 'adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.'" (quoting Fed. R. Evid. 612)). Accordingly, Defendant's objection is sustained.

### E. Plaintiff's Exhibit No. 12

Defendant next objects to Plaintiff's Proposed Exhibit No. 12, Plaintiff's Charge of Discrimination, on hearsay grounds. Defendant argues the document is hearsay to the extent it is being offered to prove Plaintiff's contention that he was discriminated against on based on his age. In response, Plaintiff maintains the document is not being offered to prove the truth of the matter asserted in the Charge of Discrimination, and therefore is not hearsay. Rather, Plaintiff argues he is offering the exhibit to prove Plaintiff filed a complaint of discrimination against Defendant. *See* Fed. R. Evid. 801(c). Defendant's objection is overruled insofar as Plaintiff may offer the document to prove he filed a complaint of discrimination and not to prove the truth of the matters asserted therein.

### F. Plaintiff's Exhibit No. 15

Defendant preliminarily objects to Plaintiff's Proposed Exhibit No. 15, asserting the document is "currently missing." (Dkt. No. 134 at 2.) The exhibit consists of documents reflecting "the requirements to input teacher sheet evaluations within 1 week," and was marked as Exhibit 6 to Jennifer Brown's deposition, but Defendant represents that it is unable to locate

its copy. (*Id.* at 2–3.) Plaintiff's response indicates Defendant failed to produce the document during discovery, and "Plaintiff has subsequently requested this document from Defendant, but has yet to be provided with it." (Pl.'s Resp. at 3.) As neither party appears to have possession of the document at issue, it has not been provided to the court, and there appears to be no basis for the objection, we overrule Defendant's objection, without prejudice. Defendant may renew its objection if necessary at trial.

### G. Plaintiff's Exhibit No. 16

Defendant next objects to Plaintiff's Proposed Exhibit No. 16, which is an "Observer's Guide" setting forth instructions for entering observation data into the TEAM Data System as part of the State of Tennessee's First to the Top Initiative. Defendant argues it is unclear how Plaintiff intends to use the document at trial, and therefore, it reserves its right to object to the exhibit based on the proof at trial. As Plaintiff was required to use the program while employed by Defendant, Plaintiff argues the document "may be essential as a means of explaining the nature of Plaintiff's job duties and responsibilities, as well as demonstrating how Plaintiff performed his responsibilities." (Pl.'s Resp. at 3.) Plaintiff has offered plausible grounds for the relevance of the document. Therefore, Defendant's objection is overruled, without prejudice. Defendant may renew its objection if necessary at trial.

### H. Plaintiff's Exhibit Nos. 18, 35

Defendant objects to Plaintiff's Proposed Exhibit Nos. 18 and 35, the Board Policy Manual's visitor policy,[1] on relevancy grounds. Plaintiff argues the document is relevant because it has a tendency to make it more likely that Defendant's reasons for taking an adverse employment action against Plaintiff were pretextual. Plaintiff asserts the document will help

---

[1] A duplicate version of the policy was offered both as Exhibit No. 18 and Exhibit No. 35.

Plaintiff demonstrate that "allowances for failure to sign-in at the office when entering the building were likely made in some instances, but not in this case, therefore rending Defendant's proffered reasons pretextual." (Dkt. No. 138 at 3.) Plaintiff has offered a reasonable basis on which to admit the document. Defendant's objection is overruled, without prejudice. Defendant may renew its objection if necessary at trial.

## I. Plaintiff's Exhibit No. 23

Plaintiff's Proposed Exhibit No. 23 is an email dated June 7, 2012 from Plaintiff to Brown, who replaced Judy Wheeler as Assistant Director of Schools for Instruction. Defendant argues the document is inadmissible hearsay as it is being offered to prove Plaintiff's fitness for his reassignment. Defendant also contends the document is irrelevant as it contains Plaintiff's "subjective views, complaints, and self-serving statements regarding his reassignment." (Dkt. No. 134 at 3.) Plaintiff responds that the document is relevant and does not constitute hearsay because it is not being offered for the truth of the matter asserted. (Pl.'s Resp. at 3–4.) Instead, Plaintiff maintains he is offering the document to demonstrate the effect on the reader, namely that "Defendant had notice that Plaintiff was more suited for other available positions, rather than the position to which he was transferred." (*Id.*)

Evidence may be admissible for the limited non-hearsay purpose of showing the effect of a statement on the listener or reader. *See Rhoades v. Standard Parking Corp.*, 559 F. App'x 500, 506 (6th Cir. 2014) ("A statement that is not offered to prove the truth of the matter asserted but offered to show its effect on the listener is not hearsay."); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 378–79 (6th Cir. 2009) (same). However, Plaintiff's stated reason for offering the email into evidence rests on admitting his own opinion that he was well-suited for available positions other than the one to which he was transferred. The document is

inadmissible for this purpose. *See* Fed. R. Evid. 801(c). Insofar as Plaintiff is offering the evidence to demonstrate that Brown received notice that Plaintiff believed he was qualified for other positions, the email may be admissible, subject to Rule 403. *Rhoades*, 559 F. App'x at 506; *Biegas*, 573 F.3d at 378–79. As we cannot make an admissibility determination based on the record before us, we accordingly defer ruling on Defendant's objection until trial.

### J. Plaintiff's Exhibit No. 25

Finally, Defendant objects to Plaintiff's Proposed Exhibit No. 25 as irrelevant. The proposed exhibit is an employment evaluation completed by Wheeler dated April 16, 2011. Defendant argues Wheeler retired as Assistant Director of Schools for Instruction in 2011 and did not participate in the decision to reassign Plaintiff. Further, we already ruled Wheeler's lay opinion testimony inadmissible. (*See* Dkt. No. 117 at 5.) Plaintiff nevertheless argues the positive employment evaluation is relevant to demonstrate that Defendant's explanations for Plaintiff's work performance were pretextual, as the evaluation was completed in "relatively close temporal proximity" to the adverse employment action, making it less likely that Plaintiff suffered an adverse employment action due to his performance. (Pl.'s Resp. at 3.)

A plaintiff may establish pretext by showing that the defendant's proffered nondiscriminatory reason: (1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to motivate the adverse employment action. *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 285 (6th Cir. 2012). "The three-part test need not be applied rigidly. Rather, '[p]retext is a commonsense inquiry: did the employer fire the employee for the stated reason or not?'" *Id.* (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009)). The evaluation, which shows a perfect final evaluation

9

score, is relevant to prove that Defendant's stated nondiscriminatory reason for transferring him (poor performance) has no basis in fact or was insufficient to motivate the adverse employment action. Accordingly, we overrule Defendant's objection.

## II. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

### A. Defendant's Exhibit No. 13

Plaintiff objects to Defendants' Proposed Exhibit No. 13 on hearsay and relevance grounds. The exhibit is comprised of an email chain between Plaintiff, Brown, Wheeler, and Andy Daniels in June 2011. Plaintiff argues it is irrelevant because the emails "contain material prior to Brown becoming Plaintiff's Supervisor." (Dkt. No. 135 at 1.) However, Defendant argues the emails are relevant because they were sent at the time Brown became Plaintiff's supervisor, Brown was copied on the email chain, and the emails concern Plaintiff's communications with Daniels, the Board of Education Chairman, regarding an upcoming Curriculum Guide Meeting led by Brown. (Def.'s Resp. (Dkt. No. 137) at 1–2.) Defendant contends that the parties' communications leading up to the meeting are relevant to Brown's decision to transfer Plaintiff, in part due to "Plaintiff's insubordination and work performance issues with respect to the Curriculum Guide Meeting." (*Id.*) Accordingly, Plaintiff's relevance objection is overruled.

Plaintiff also argues the email chain constitutes hearsay. In response, Defendant argues Plaintiff's email statements are not hearsay because they are statements offered against an opposing party. *See* Fed. R. Evid. 801(d)(2)(A) (providing a statement that is "offered against an opposing party and . . . was made by the party in an individual or representative capacity" is not hearsay). Defendant also argues the remaining statements in the email chain are admissible for the non-hearsay purpose of explaining their effect on the listener. As set forth above, to the

extent Defendant is offering the email chain to show the effect of Plaintiff's statements on the recipients of his email, it is admissible for that purpose.  *Rhoades*, 559 F. App'x at 506; *Biegas*, 573 F.3d at 378–79.  Because Defendant is not offering the emails for the truth of the matters asserted therein by Wheeler or Daniels, they are admissible.  Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

For the foregoing reasons, we sustain Defendant's objections to Plaintiff's Proposed Exhibit Nos. 1–4 and 7–8.  (Dkt. No. 134.)  We overrule Defendant's objections to Plaintiff's Proposed Exhibit Nos. 12, 15–16, 18, 25, and 35, and we defer ruling on Proposed Exhibit No. 23.  (*Id.*)  In addition, we overrule Plaintiff's objections to Defendant's Proposed Exhibit No. 13.  (Dkt. No. 135.)  As set forth above, these rulings shall not be reargued, absent new facts or issues not presented by the parties and addressed in this opinion.  It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated:  March 19, 2018
        Chicago, Illinois